May Term, 1851.

SMITH
v.
FERGUSON.

---

## SMITH *v.* FERGUSON and Another.

Declaration commencing as follows : *A. B.* and *C. D.* complain of *E. F.* in a plea of assumpsit. For that whereas the defendant, on the 10th day of *April*, &c., at the county aforesaid was indebted to the plaintiffs in the sum of, &c. *Held*, that the declaration was good on demurrer.

Upon a demurrer being overruled, the defendant failing to plead further, and interlocutory judgment having been rendered, the defendant's liability cannot be contested on the execution of a writ of inquiry.

*Monday,*
*May* 26.

ERROR to the *Marion* Circuit Court.

SMITH, J.—The defendant in error sued the plaintiff in error in assumpsit. The declaration is as follows:

*James C. Ferguson* and *Jeremy Mansur* complain of William Smith in a plea of assumpsit. For that whereas the defendant, on the 10th day of *April*, 1848, at the county aforesaid, was indebted to the plaintiffs in the sum of 300 dollars for the price and value of goods then and there bargained and sold by the plaintiffs to the defendant at his request. And in the further sum of 300 dollars for goods sold and delivered by the plaintiffs to the defendant at his request. And in the further sum of 300 dollars for the price and value of goods then and there sold by the plaintiffs to the wife of the defendant at his request. And in the further sum of 300 dollars for work then and there done, and materials for the same provided by the defendant at his request. And in the further sum of 300 dollars for money found to be due from the defendant to the plaintiffs on an account then and there stated between them. And the defendant afterwards, on the day and year aforesaid, in consideration of the premises, respectively promised the plaintiffs to pay them the said several moneys on request, yet the defendant although often requested," &c., "had failed," &c., "to the plaintiffs' damage," &c.

The defendant demurred to the declaration, assigning for cause of demurrer, that "there is no direct averment in the declaration that the defendant promised to pay said plaintiffs."

The objection made to the declaration is, that the facts should have been stated in positive and direct terms, and not argumentatively or by way of recital, as under a "whereas." The commencement of the declaration is worded in accordance with a form in very common use, and the demurrer was properly overruled.

Upon the demurrer being overruled, the defendant failed to plead further, and an interlocutory judgment was rendered. A jury was then called to assess the damages, and a judgment was rendered upon their assessment for 112 dollars and 60 cents.

The plaintiffs proved to the jury that a bill of goods had been sold and delivered by them to the wife of the

defendant, at specified prices; and the defendant then offered to prove that at the time of the sale and long before, the defendant's wife had left the defendant's residence without cause, and had refused to return or to live with him; and that these facts were known to the plaintiffs. This evidence was objected to and excluded.

The evidence thus offered, if material at all, could only have been so as a defence reaching the merits of the action, or to show that the defendant was not liable for the debt sued for. But his liability was fixed by the judgment on the demurrer, and could not be contested on the execution of a writ of inquiry.

The case of *De Gaillon* v. *L'Aigle*, 1 Bos. and Pul. 368, is in point. In that case judgment had been rendered against the defendant on demurrer, and on the execution of a writ of inquiry, the plaintiff proved that the defendant had acknowledged the debt to a certain amount. The defendant, on the other hand, offered evidence to prove that in contracting the debt she had acted only as agent for her husband. The jury was directed that if it was found the defendant really acted in the transaction of the affair as agent for her husband, they ought to find a nominal verdict. This they accordingly did.

On motion to have the judgment set aside on the ground that improper evidence was admitted, it was contended that, although the demurrer admitted that something was due, it was competent for the defendant to show that the particular debt proved by the plaintiff was contracted by her as agent only, and was not the debt admitted by demurrer. But the Court were clearly of opinion that this evidence ought not to have been admitted; that the only question to be decided by the jury was the amount of the debt; and that the question whether the debt was contracted by the defendant as agent of her husband or in her separate capacity, must be taken to be determined by the record.

This case is cited by the various text books and does not appear to have been doubted.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

J. L. *Ketcham* and R. L. *Walpole*, for the plaintiff.

W. *Stewart*, for the defendants.